**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Daniel D. Domenico**

Civil Action No. 1:20-cv-00862-DDD-SKC

MICHAEL LAWRENCE,

    Plaintiff,

v.

THE STATE OF COLORADO;
JARED POLIS, Governor of the State of Colorado;
THE COLORADO DEPARTMENT OF PUBLIC HEALTH AND ENVIRONMENT;
MICHAEL HANCOCK, Denver Mayor; and
THE DENVER DEPARTMENT OF PUBLIC HEALTH AND ENVIRONMENT,

    Defendants.

---

**ORDER DENYING PLAINTIFF'S MOTION TO STRIKE
AND GRANTING MOTION TO AMEND COMPLAINT**

---

Before the Court are Plaintiff Michael Lawrence's Motion to Strike Denver Defendants' April 23, 2020 Motion to Dismiss [Doc. 21] and Motion to Amend Complaint [Doc. 22]. The Court grants the motion to amend, as Mr. Lawrence is permitted to amend his complaint once as a matter of course within twenty-one days after service of the City's[1] Motion to Dismiss [Doc. 20], which was filed under Rule 12(b). Fed. R. Civ. P. 15(a)(1)(B). The City's motion to dismiss, and Mr. Lawrence's motion

---

[1] The "City" refers collectively to Defendants Mayor Michael Hancock and the Denver Department of Public Health and Environment ("DDPHE").

- 1 -

to strike it, are therefore moot in light of the filing of Mr. Lawrence's First Amended Complaint [Doc. 23].

The Court notes, however, that it denied the City's first motion to dismiss on procedural grounds because the motion was included in the City's response to Mr. Lawrence's preliminary-injunction request, rather than filed as a separate document as required by the Local Civil Rules. The Court did not address the first motion to dismiss on the merits. There is no basis to strike the City's second motion as duplicative because the Court's denial of the first motion was *without prejudice* [Order, Doc. 19 at 25], meaning that the City could refile its motion. *See Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505-06 (2001) (denial without prejudice does not bar movant from later returning to seek same relief); *Rogers v. Gunja*, 47 F. App'x 900, 901-02 (10th Cir. 2002) (movant could refile motion denied without prejudice). Likewise, the Court's finding that the second motion to dismiss is moot is not an adjudication on the merits. Defendants shall answer or otherwise respond to the First Amended Complaint within the time limits prescribed by the Federal Rules of Civil Procedure and the Local Civil Rules. The City's response may, if it wishes, be in the form of a motion to dismiss under Rule 12(b).

For the foregoing reasons, it is ORDERED that:

Plaintiff's Motion to Amend Complaint [Doc. 22] is GRANTED. Pursuant to Local Civil Rule 15.1(a), Mr. Lawrence shall file a notice of filing his First Amended Complaint, and attach as an exhibit to the notice a copy of the First Amended Complaint that strikes through (*e.g.*, ~~strikes through~~) the text he has deleted from his original Complaint and underlines (e.g., <u>underlines</u>) the text he has added to the First Amended Complaint;

- 3 -

The City and County of Denver's Motion to Dismiss [Doc. 20] is DENIED AS MOOT; and

Plaintiff's Motion to Strike Denver Defendants' April 23, 2020 Motion to Dismiss [Doc. 21] is DENIED AS MOOT.

DATED: April 28, 2020        BY THE COURT:

_____
Hon. Daniel D. Domenico