IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
U.S. Magistrate Judge S. Kato Crews

Civil Action No. 1:20-cv-00862-DDD-SKC

MICHAEL LAWRENCE,

      Plaintiff,

V.

THE STATE OF COLORADO;
JARED POLIS, GOVERNOR OF THE STATE OF COLORADO;
THE COLORADO DEPARTMENT OF PUBLIC HEALTH AND ENVIRONMENT;
MICHAEL HANCOCK, DENVER MAYOR; AND
THE DENVER DEPARTMENT OF PUBLIC HEALTH AND ENVIRONMENT,

      Defendants.

---

## MINUTE ORDER

      Plaintiff has filed a motion to amend his Complaint to address deficiencies identified in the Defendants' respective motions to dismiss. [#43.][1] The motion to amend was filed on June 30, 2020, and was referred to the magistrate judge for a determination. [#44.] The Defendants filed responses opposing the motion to amend arguing the amended complaint would be subject to dismissal. [*See* #49 and #50.]

      The purpose of Rule 15(a) is to facilitate a decision on the merits. *Bob Marshall All. v. Lujan*, 804 F. Supp. 1292, 1298 (D. Mont. 1992) (the court's exercise of discretion must "be guided by the underlying purpose of Rule 15 – to facilitate decision on the merits, rather than on the pleadings or technicalities."). Thus, motions to amend should be freely granted when justice requires. *See, e.g., Bellairs v. Coors Brewing Co.*, 907 F. Supp. 1448, 1459 (D. Colo. 1995). When considering the "needs of justice," the Court must take into account the interests of all parties, including whether the amendment is futile or will result in undue prejudice. *Las Vegas Ice & Cold Storage Co. v. Far W. Bank*, 893 F.2d 1182, 1185 (10th Cir. 1990).

      Apart from the necessity of answering or otherwise responding to a new complaint, the Court does not perceive any prejudice that would inure to the detriment of Defendants. To be sure, no scheduling deadlines have been set and discovery has not yet begun.

---

[1] The Court uses "[#__]" to refer to specific docket entries in CM/ECF.

The entirety of Defendants' arguments amounts to a challenge based on futility. [*See* #49 and #50.] This, however, recasts the Rule 15(a)(2) analysis into a motion to dismiss argument, which is premature and inefficient. Indeed, both responses refer to the arguments made in the respective motions for dismissal. [*Id.*]

The denial of a motion to amend is a dispositive issue that this Court may only recommend to the presiding judge; if, after objections, the amendment is allowed by the presiding judge then the issue is likely to arise a second time on a motion to dismiss. Removing one step and allowing amendment now, to possibly be addressed in a Rule 12(b)(6) motion later, satisfies Fed. R. Civ. P. 1. *See White River Vill., LLP v. Fid. & Deposit Co. of Maryland*, No. 08-cv-00248-REB-MEH, 2013 WL 6168853, at *4 (D. Colo. Nov. 25, 2013). The Court further observes that Defendants' arguments regarding dismissal may be more fully presented and create a better record in the context of a motion to dismiss, if any.[2] Accordingly, with a mind to the interests of judicial economy, this Court exercises its discretion in declining to engage in a detailed futility analysis on the motion to amend. *Cf. Fuller v. REGS, LLC,* No. 10-cv-01209-WJM-CBS, 2011 WL 1235688, at *3 (D. Colo. Mar. 31, 2011) (the court was "guided by pragmatism and efficiency" in exercising its discretion to grant motion to amend rather than apply futility analysis).

The Court GRANTS Plaintiff's Motion to Amend. Plaintiff shall file a clean copy of the Amended Complaint on or before August 14, 2020. Defendants shall answer or otherwise respond on or before August 28, 2020.

DATED: August 12, 2020.

BY THE COURT:

S. Kato Crews
United States Magistrate Judge

---

[2] While the Court makes no comment on Defendants' likelihood of success, the Court notes that Defendants would, at minimum, be entitled to file Reply briefs in support of their arguments.

2